## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Stefan Riedl,<br><br>       Plaintiff,<br>vs.<br><br>Life Insurance Company of North America,<br><br>       Defendant. | Case No. 0:21-cv-1763<br><br>**COMPLAINT** |

Plaintiff, for his Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Life Insurance Company of North America may be found in this district. In particular, Life Insurance Company of North America is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Life Insurance Company of North America insures employee benefit plan ("Plan") that Trustee of the Group Insurance Trust for Employers in the Services Industry created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Life Insurance Company of North America is a corporation organized and existing under the laws of the State of Pennsylvania and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Trustee of the Group Insurance Trust for Employers in the Services Industry and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number LK-962060 which was issued by Life Insurance Company of North America to Trustee of the Group Insurance Trust for Employers in the Services Industry to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Life Insurance Company of North America both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Life Insurance Company of North America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Life Insurance Company of North America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about April 9, 2018 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to Life Insurance Company of North America for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. Life Insurance Company of North America granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until July 7, 2020. However, on July 8, 2020 Life Insurance Company of North America cancelled Plaintiff's disability benefits. Plaintiff appealed Life Insurance Company of North America's decision, but Life Insurance Company of North America denied Plaintiff's appeal on July 8, 2021.

15. Plaintiff provided Life Insurance Company of North America with substantial medical evidence demonstrating he was eligible for disability benefits.

16. The medical evidence Plaintiff provided included a narrative report from Dr. Rita Romero.

17. Dr. Rita Romero concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

18. Dr. Rita Romero concluded Plaintiff "would have difficulty performing in his profession as a biochemist because of his anxious mood, difficulty with cognitive delays, memory impairment and difficulty sustaining attention".

19. The medical evidence Plaintiff provided also included a narrative report from Dr. Joanne Hamilton.

20. Dr. Joanne Hamilton concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

21. Dr. Joanne Hamilton concluded,

> Dr. Riedl's processing speed and working memory are below expectations for someone with his education and occupational background. These weaknesses are expected to interfere with his ability to maintain the pace of work expected in a position that requires the highest level of integration of complex material, abstract reasoning, problem solving, creativity, concentration and focus, and quick thinking under pressure. It is my opinion that he could work gainfully in some capacity. I doubt that he would be able to maintain the rigorous schedule and responsibilities of a project scientist or similar position.

22. The medical evidence Plaintiff provided also included a report from Dr. Charles Smith.

23. Dr. Charles Smith also concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

24. Dr. Charles Smith specifically stated on October 13, 2020,

> [Plaintiff's] insurance company tried to force him to return to work but I advised that his cognitive symptoms precluded any meaningful employment of the type in which he is accustomed. He was previously a research scientist.

5

25. Defendant never took into consideration Plaintiff's primary diagnosis of Susac Syndrome in their analyses and decisions to terminate his benefits.

26. While Defendant has the authority to make claims determinations under applicable law and the language of the Policy, Life Insurance Company of North America's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determinations must be made *de novo*.

27. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including Article III and under principles of separation of powers, amongst others.

28. Life Insurance Company of North America's decision to deny disability benefits was unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence, contrary to law, and *de novo* wrong.

29. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Life Insurance Company of North America's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan,

contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Life Insurance Company of North America failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. Life Insurance Company of North America relied on the opinion of a medical professional who was financially biased by his/her relationship with Life Insurance Company of North America and as such unable to offer an unbiased opinion;

    c. Life Insurance Company of North America relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. Life Insurance Company of North America relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. Life Insurance Company of North America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. Life Insurance Company of North America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

30. Under the terms of the Plan, the denial of Plaintiff's benefits was clearly unreasonable and without basis.

31. In the alternative, Life Insurance Company of North America abused its discretion in denying Plaintiff's claim.

32. The decision to deny benefits was wrong under the terms of the Plan.

33. The decision to deny benefits was not supported by substantial evidence in the record.

34. Life Insurance Company of North America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

35. Life Insurance Company of North America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from July 8, 2020 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

36. Life Insurance Company of North America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

37.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums he paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Life Insurance Company of North America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;
4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present;

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action; and

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 08/03/2021                         RESPECTFULLY SUBMITTED,

By: /s/ Blake Bauer

Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*